UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GILBERT EDWARD SALAZAR, | No. CV 17-07686-ODW (DFM) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT et al., | |
| Defendants. | |

**I.**

**BACKGROUND**

On October 20, 2017, Gilbert Edward Salazar ("Plaintiff"), a state prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983. Dkt. 1 ("Complaint"). The Court dismissed the Complaint with leave to amend. See Dkt. 6. Plaintiff filed a first amended complaint in March 2018. See Dkt. 17 ("FAC"). The FAC names as defendants the County of Los Angeles; the Los Angeles County Sheriff's Department; Christian Lopez Rivas ("Rivas") in his individual and official capacity; and "LASD Deputy 'Unknown First Name'

Mendoza" in his individual and official capacity. See FAC at 3-4.[1]

Under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the FAC to determine whether it is frivolous or malicious, fails to state a claim on which relief might be granted, or seeks monetary relief against a defendant who is immune from such relief. As discussed below, the FAC suffers from numerous deficiencies and must be dismissed.

## II.
## SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges the following:

On February 16, 2016, Deputy Rivas pulled Plaintiff over while he was driving and told him at gunpoint to get out of the car. See FAC at 10. Plaintiff responded, "I can't walk without my cane, it's in the back seat," so Rivas grabbed and positioned his body to face the car with his hands on top of the car. Id. Rivas searched Plaintiff without permission, told him to walk to the patrol car, and placed Plaintiff inside the car, handcuffed. See id. His feet were crossed and the handcuffs felt tight, so Plaintiff asked the police to either loosen them or let him sit on the ground. See id. Deputy Mendoza told him to shut up. See id. An hour later, Rivas pulled Plaintiff out of the patrol car and made him walk back to his own car, saying that he would let Plaintiff go if he admitted what he had done wrong. See id.

Mendoza asked Plaintiff whose checks he had in his car and what problem caused him to walk irregularly. See id. Plaintiff asked, "what checks?" and explained that his "legs were damaged due to being broken and my heart beat[ is] irregular." Id. Mendoza ignored Plaintiff's request for his cane, yelled at him about the checks, and said he was taking Plaintiff's car. See id. Rivas put Plaintiff back in the patrol car, at which point his legs were numb and his

---
[1] All page citations are to the CM/ECF pagination.

heart was racing. See id. at 10-11.

While at the station, Plaintiff was ordered to walk to the holding cell without a mobility device. See id. at 11. He asked, "please I need to rest, please don't send me to County." Id. Plaintiff was taken to Los Angeles County Men's Central Jail, at which point he told a Sheriff's employee that he needed a mobility device, but did not receive one. See id. Plaintiff used the showers while standing, but he lost consciousness when getting up to use the toilet. See id. at 11-12. The next thing he remembers is waking up in a puddle of urine with pain in his leg, neck, shoulders, and head. See id. at 12. After Plaintiff yelled for help, a Sheriff's Department employee told Plaintiff to stop talking and asked him to get into a wheelchair with the assistance of two nurses. See id. Plaintiff refused because he thought the nurses were too small to lift him into the chair due to his weight. See id. Two inmates helped him instead. Id.

Plaintiff was brought to the hospital in an ambulance, where he received surgery for his broken leg. See id. One month later, the leg became infected and a second operation was performed to clean it and insert a pump for antibiotics. See id. Plaintiff has not been able to work since then, broke his other leg a year later when he fell while using a crutch, and suffers from a shoulder injury. See id.

Based on the foregoing, the FAC requests monetary damages and alleges claims of deliberate medical indifference, cruel and unusual punishment, unwarranted search, denial of mobility device, responsibility for a disability causing inability to work, punitive damages, and pain and suffering. See id. at 15.

## III.
## STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory or (2) insufficient

facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Because Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and afford him the benefit of any doubt. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). But "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and alteration omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend

should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). But if after careful consideration it is clear that a complaint cannot be cured by amendment, the Court may dismiss it without leave to amend. Id. at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" when plaintiffs could not cure the "basic flaw" in the pleading); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## III.
## DISCUSSION

Because the FAC is largely unchanged from the Complaint, it suffers from almost all of the same deficiencies.

### A. Plaintiff's Claims against Los Angeles County

Plaintiff sues Rivas and Mendoza in their official and individual capacity. As the Court previously advised Plaintiff, an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Id. Plaintiff sues these two employees of Los Angeles County Sheriff's Department (the "County"), alleging that the individual Defendants were acting as officers or agents for the County. Therefore, Plaintiff's claims against

5

them are tantamount to claims against the County as the "entity." For purposes of this Order, the Court treats Plaintiff's claims against the Los Angeles County Sheriff's Department as tantamount to claims against the County. See Vance v. Cnty. Of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (holding that naming municipal department as defendant is not appropriate means of pleading § 1983 action against municipality).

A local government entity such as the County "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694 (1978). Thus, the County may not be held liable for the alleged actions of its employees or agents unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Id. at 690-91.

Here, Plaintiff has failed to identify any policy statements or regulations of the County, or any officially adopted or promulgated decisions, the execution of which inflicted the alleged injuries. He has also not alleged sufficient facts for the Court to "draw the reasonable inference" that the County has a governmental custom of committing the illegal acts alleged. The Court therefore concludes that Plaintiff has failed to allege sufficient facts for the Court to "draw the reasonable inference" that the County has a governmental custom of engaging in the kind of illegal conduct that Plaintiff alleges occurred here. See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996)

("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."). Plaintiff's official capacity claims against the individual Defendants, as well as his claims against the County (which includes his claims against the Sheriff's Department), therefore fail.

**B.      Identification of Deputy Mendoza**

Plaintiff again lists one Defendant as Deputy Mendoza, noting that the first name is unknown. Plaintiff thus fails to plead Deputy Mendoza's name. Plaintiff is responsible for obtaining the full name of each defendant named in any amended complaint. Failure to do so will result in dismissal of claims against Deputy Mendoza.

Plaintiff is entitled to conduct discovery in order to obtain this information. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) ("[W]here the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."). Accordingly, if Plaintiff does not know the full names of Deputy Mendoza, he must promptly pursue discovery by immediately serving written interrogatories on the appropriately named defendants or depositions upon written questions on non-parties and request the names or identities of Deputy Mendoza. Plaintiff may then discover and substitute the full name of Deputy Mendoza.

Accordingly, the Court authorizes Plaintiff to submit depositions upon written questions to the Los Angeles County Sheriff's Department to determine the names of Deputy Mendoza. Plaintiff's discovery shall be served pursuant to Federal Rule of Civil Procedure 31, which is set forth in full at the

end of this Order. Plaintiff must limit the scope of any discovery request to the identification of the first name of the Deputy Mendoza who was on duty at the time that the incident took place in light of the fact that Mendoza is a common last name.

## IV.
## CONCLUSION

For the foregoing reasons, the FAC is subject to dismissal. Because it is not absolutely clear that the FAC's deficiencies cannot be cured by amendment, dismissal is with leave to amend. Accordingly, if Plaintiff desires to pursue his claims, he must file a Second Amended Complaint ("SAC") within thirty-five (35) days of the date of this Order, remedying the deficiencies discussed above. The SAC should bear the docket number assigned in this case, be labeled "Second Amended Complaint," and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to use.

**Plaintiff is admonished that if he fails to timely file a SAC, this action may be dismissed with prejudice for failure to diligently prosecute and for the reasons discussed in this Order.**

Dated: August 2, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

Fed. R. Civ. P. 31

(a) WHEN A DEPOSITION MAY BE TAKEN.

   (1) *Without Leave.* A party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

   (2) *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

      (A) if the parties have not stipulated to the deposition and:

         (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by the third-party defendants;

         (ii) the deponent has already been deposed in the case; or

         (iii) the party seeks to take a deposition before the time specified in Rule 26(d); or

      (B) if the deponent is confined in prison.

   (3) *Service; Required Notice.* A party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs. The notice must also state the name or descriptive title and the address of the officer before whom the deposition will be taken.

   (4) *Questions Directed to an Organization.* A public or private corporation, a partnership, an association, or a governmental agency may be deposed by written questions in accordance with Rule 30(b)(6).

   (5) *Questions from Other Parties.* Any questions to the deponent from other parties must be served on all parties as follows: cross-questions, within 14 days after being served with the notice and direct questions; redirect questions, within 7 days after being served with cross-questions; and recross-questions, within 7 days after being served with redirect questions. The court may, for good cause, extend or shorten these times.

(b) DELIVERY TO THE OFFICER; OFFICER'S DUTIES. The party who noticed the deposition must deliver to the officer a copy of all the questions served and of the notice. The officer must promptly proceed in the manner provided in Rule 30(c), (e), and (f) to:

   (1) take the deponent's testimony in response to the questions;

(2) prepare and certify the deposition; and

(3) send it to the party, attaching a copy of the questions and of the notice.

(c) NOTICE OF COMPLETION OR FILING.

(1) *Completion.* The party who noticed the deposition must notify all other parties when it is completed.

(2) *Filing.* A party who files the deposition must promptly notify all other parties of the filing.