# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 17-07686-ODW (DFM) | Date: | December 11, 2019 |
|---|---|---|---|
| Title | Gilbert Edward Salazar v. Los Angeles County Sheriff's Department et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Court Reporter |
| Deputy Clerk | Not Present |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause re: Dismissal for Failure to Make Timely Service under Rule 4(m)

On March 19, 2019, the Court directed service of process by the United States Marshal on defendant Christopher Lopez Rivas. See Dkt. 25. On May 30, 2019, the United States Marshal Service filed a USM-285 Process Receipt and Return form regarding efforts to serve defendant Rivas. See Dkt. 31. The Court thereafter authorized Plaintiff to submit two written questions or interrogatories to the Los Angeles County Sheriff's Department to enable service on defendant Rivas. See Dkt. 34. Several months later, it appears that defendant Rivas remains unserved.

"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them" under 28 U.S.C. § 1915 and Rule 4. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.1990); accord Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.1994), abrogated in part on other grounds, Sandin v. Conner, 515 U.S. 472 (1995)). However, when advised of a problem in accomplishing service, a pro se litigant proceeding in forma pauperis must "attempt to remedy any apparent service defects of which [he] has knowledge." Puett, 912 F.2d at 274–275 (quoting and citing with approval Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir.1987)). If service cannot be accomplished due to the pro se plaintiff's "neglect" or "fault," such as failing to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal may be appropriate. See Walker, 14 F.3d at 1421-22 (holding that a prisoner failed to show cause why his claims against a prison official should not be dismissed under Rule 4(m) where the prisoner failed to show "that he provided the marshal with sufficient information to serve [the defendant]"); see also Puett, 912 F.2d at 276 (vacating dismissal under Rule 4(m) and remanding for proper service by the U.S.

Marshal where the record revealed that the lack of timely service "was certainly not due to [the plaintiff's] neglect" because "[h]e conscientiously took numerous steps to ensure that the defendants would be served").

Therefore, it is Plaintiff's burden to provide sufficient information to enable the U.S. Marshal to serve defendant Rivas. Plaintiff has not done so, despite being notified of the defective service when he was served with a copy of the unexecuted process return in May 2019. He has not requested an extension of time to serve defendant Rivas or taken any other steps to address or remedy this service defect. Accordingly, the Court ORDERS Plaintiff to show cause in writing by January 9, 2020, why this Court should not recommend that this action be dismissed without prejudice for failure to make timely service under Rule 4(m).